UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-CR-47-TS |
| | ) | |
| DEUNDRICK D. MCINTOSH | ) | |

**OPINION & AMENDED ORDER**

This case is before the Court on the Defendant's Motion to Continue Trial (DE 94), filed on December 17, 2007. The proffered reason for the request for additional time is that the Defendant has an outstanding amended ex parte motion under seal, and until there is a ruling on the motion, the Defendant cannot prepare for trial. The current trial date, January 14, 2008, is near enough that even if the Court grants the amended ex parte motion, the Defendant will not have sufficient time to prepare for trial. Due to confusion surrounding the filing of the amended ex parte motion (DE 87), the Defendant has refiled it (DE 97). The government objects to the continuance.

Because the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial, the Court GRANTS the motion (DE 94). 18 U.S.C. § 3161(h)(8)(A). Due to the confusion surrounding the filing of the amended ex parte motion, this is not a run-of-the-mill motion to continue. As such, the Court will elaborate on the circumstances leading up to this motion and the Court's reasons for granting it.

**BACKGROUND**

On August 9, 2007, the Defendant filed an ex parte motion under seal (DE 85). The Court granted the motion on August 16, 2007 (DE 86). The Defendant subsequently concluded that the

August 9 motion was insufficiently detailed for the desired relief. Accordingly, the Defendant opted to file an amended motion. On September 7, 2007, the Defendant electronically filed a Notice of Manual filing (DE 87). Under the local rules, he was required to file the motion manually; sealed motions may not be filed electronically. N.D. Ind. L.R. 5.3(d). The Court does not have a copy of the motion in its chambers or in the clerk's office. Defense counsel did not personally file the motion himself, but it is his understanding that an employee in his office did. He does not have a file stamped copy of the motion in his records.

The Court is unable to determine precisely what happened with the amended motion. It is possible that the motion was filed with the Court and misplaced. The Court and its officials are certainly not immune from the errors that occur in any office run by humans. It is also possible that Defense counsel, or someone in his office, electronically filed the notice of manual filing but then inadvertently failed to manually file the motion with the Court. Defense counsel routinely practices before this Court, and this sort of mishap has been rare or nonexistent in his dealings with the Court. The Court routinely deals with sealed motions, and this sort of mishap rarely or never occurs when dealing with them. Having nowhere to assign blame, the best the Court can do is a sort of "do over." The Defendant has refiled the motion, and the Court will grant the motion under seal.

## SPEEDY TRIAL ACT

While the issue of what to do about the elusive amended ex parte motion is resolved easily enough by having defense counsel refile (or file for the first time) the motion, whether this "do over" implicates the Speedy Trial Act, 18 U.S.C. §§ 3161–74, must still be determined. The

Speedy Trial Act provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days." 18 U.S.C. § 3161(c)(1). The Act also sets out a wide array of events that toll the speedy trial clock, including a sort of catch-all "ends of justice" delay. If a court sets forth its reasons for "finding that the ends of justice served by the granting of such continuance outweigh the bests interests of the public and the defendant in a speedy trial," then the speedy trial clock is tolled, and that period of time does not count towards the seventy days. 18 U.S.C. § 3161(h)(8)(A).

The Court has already granted multiple "ends of justice" continuances in this case. The most recent was through an order on September 25, 2007 (DE 91). On that occasion, the Defendant asked for a continuance because he had recently retained an expert to assist defense counsel, but the expert had insufficient time to obtain necessary documents. The Court found that "the ends of justice served by granting such a continuance outweigh the public and the Defendant's interests in a speedy trial, particularly because a failure to grant such a continuance would unreasonably deny the Defendant an opportunity to prepare for trial, taking into account the exercise of due diligence." (Sept. 25 Order 1, DE 91.) Accordingly, the period of delay up to January 14, 2008, is excluded under the Speedy Trial Act.

The Defendant has now requested another continuance, and it is his position that the speedy trial clock will remain tolled because "the ends of justice will be served by taking this action and those benefits outweigh the interest of the public and the defendant in a trial." (Mot. to Continue Trial 1, DE 94.) The government disagrees and objects to the continuance. (Resp. to Mot. to Continue Trial 1, DE 95.) During the telephonic motion conference on December 28, 2007, the government stated that it objects to the continuance because it believes that the

3

benefits of any delay do not outweigh public's interests in a speedy trial.

The government advances three reasons why the benefits of delay do not outweigh the public's interests in a speedy trial. First, the government reports that a civilian witness that has been vacillating between cooperating and not cooperating is currently willing to cooperate at the January 14 trial. The government is concerned that further delay may cause that witness to change his or her mind. Second, the government reports that co-defendant Demetrius Wright, who pled guilty on March 5, 2007 (DE 67), is no longer willing cooperate with the government. The third and final co-defendant, Marlon Snead, who pled guilty on December 8, 2006, is willing to cooperate with the government, but the government is concerned that his willingness could change with time just as Mr. Wright's has. Finally, the government reports that the putative victims have been patient up to this point with the delays in moving forward towards trial, but the government is concerned that their patience may be wearing thin.

The Court must weigh the benefits of any delay against the Defendant's and the public's interests in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). On the benefits of delay side, delaying the trial would allow the Defendant to complete his trial preparation, which he cannot adequately do without the relief requested in the amended ex parte motion. The Defendant has a strong interest in a speedy trial, but he has recognized that in this instance his interest in a speedy trial is secondary to his greater interest in a fair trial. That leaves the only the public's interests to counterbalance the benefits of delay.

All three of the government's concerns are legitimate, but the Court finds that the Defendant's interest in securing adequate time to thoroughly prepare for trial outweighs those concerns, although the Court acknowledges it is a close call. The Court understands that the

government is concerned about losing potential testimony, but that is essentially the same concern that the Defendant has. In other words, the Defendant needs more time to secure testimony, and the government seeks to minimize delay so as not to lose testimony. When balancing these concerns, the scales tip ever so slightly in favor of the Defendant, although that may not be the case if any continuances after this one are sought.

The Court finds that the failure to grant a continuance in these proceedings would result in a miscarriage of justice because the Defendant would be deprived of the opportunity to fully develop his case. Likewise, the failure to grant a continuance would unreasonably deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. This final delay results from the confusion surrounding the amended ex parte motion. If the fault lies with the Court, then the Defendant's position in requesting a continuance is strengthened. But even if fault lies with the Defendant, there is no indication the mistake is anything but innocent. Since there is no way for the Court to determine what happened with the amended ex parte motion, the Defendant deserves the benefit of the doubt.

**ORDER**

Given the above findings, the Defendant's Motion to Continue Trial (DE 94) is GRANTED. The period of delay resulting from this continuance is excluded under the terms of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8)(A), (h)(8)(B)(i), (h)(8)(B)(iv). The Court GRANTS the Defendant's Amended Ex Parte Motion Under Seal (DE 97) for reasons stated of record.

The telephonic final pretrial conference is set for Monday, April 28, 2008, at 10:00 a.m.

The Court will initiate the call. Based upon the Defendant's first available date, a two to three day jury trial is set for May 6, 2008, at 8:30 a.m. before Judge Theresa L. Springmann.

SO ORDERED on January 14, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT